1  E. MARTIN ESTRADA
   United States Attorney
2  THOMAS D. COKER
   Assistant United States Attorney
3  Chief, Tax Division
   MELISSA BRIGGS (Cal. Bar No. 320697)
4  Assistant United States Attorney
       Federal Building, Suite 7211
5      300 North Los Angeles Street
       Los Angeles, California 90012
6      Telephone: (213) 894-6165
       Facsimile: (213) 894-0115
7      E-mail: Melissa.Briggs2@usdoj.gov

8  Attorneys for the United States of America

9

                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                        WESTERN DIVISION
12

13  United States of America,          Case No.   2:23-cv-01522

14         Plaintiff,                   Complaint to reduce federal penalty
                                        assessments to judgment
15         v.

16  Babak B. Golbahar,

17         Defendant.

18

19       The United States of America brings this civil action to reduce to

20  judgment unpaid federal penalty assessments, interest thereon, and late

21  payment penalties as provided by law against Babak B. Golbahar

22  (Golbahar).  The United States of America alleges as follows:

23                      **Jurisdiction and Venue**

24       1.    This Court has jurisdiction over this action under 28 U.S.C. §§

25  1331, 1345, and 1355(a) because this action arises under the laws of the

26  United States, because the United States is the plaintiff, and because the

27  United States is seeking to enforce a penalty enacted by Congress.

28

                                   1

2.	This action is commenced at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, pursuant to 31 U.S.C. § 3711(g)(4)(C), and in accordance with 31 U.S.C. § 5321(b)(2).

3.	Venue for this action is within the Central District of California under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Golbahar resides in Los Angeles County and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## Statutory and regulatory provisions

4.	Citizens of the United States are required to report to the IRS certain activity with foreign financial agencies for each year in which the activity occurs.  31 U.S.C. § 5314(a); 31 C.F.R. § 1010.350(a).

5.	One such activity is "having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country."  31 C.F.R. § 1010.350(a).

6.	For the years at issue herein, such reports must be filed with the Internal Revenue Service on Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR").

7.	For the years at issue herein, the FBAR for foreign financial accounts exceeding $10,000 maintained during a calendar year was due by June 30 of the following calendar year.  31 C.F.R. § 1010.306(c).

8.	Civil penalties can be assessed against an individual who, whether willfully or non-willfully, fails to comply with these reporting requirements. 31 U.S.C. § 5321(a)(5)(A).

9.	For willful violations, the maximum penalty per account per year is the greater of $100,000 or 50% of the balance in the foreign financial account at the time of the violation.  31 U.S.C. § 5321(a)(5)(C)(i).

10.     For the years at issue herein, the date of the violation for failure to file an FBAR was June 30 of the calendar year following the calendar year for which the report was made.  31 C.F.R. § 1010.306(c).

## CLAIM FOR RELIEF

11.     The allegations made in the preceding paragraphs in this complaint are incorporated herein by reference.

12.     Golbahar is a United States citizen.

13.     Golbahar resides in Los Angeles County, California.

**Golbahar willfully failed to timely report foreign bank accounts**

14.     In 2014, Golbahar, through counsel, submitted voluntary offshore disclosures to the Internal Revenue Service admitting he had two foreign bank accounts that he had failed to report to the United States Government.

15.     Golbahar admitted on the disclosure he had two unreported foreign bank accounts with between $2.5 and $10 million dollars between 2003-2010.

16.     Golbahar admitted on the disclosure he had been advised that his foreign account records "were susceptible to being turned over to the US government pursuant to an official request."

17.     On June 23, 2014, Golbahar signed the disclosure admitting that he previously held the two foreign bank accounts.

18.     Golbahar's signature on the disclosure appears below the statement that "By signing this document, I certify that I am willing to continue to cooperate with the Internal Revenue Service, including in assessing my income-tax liabilities and making good faith arrangements to pay all taxes, interest, and penalties associated with this voluntary disclosure. Under penalties of perjury, I declare that I have examined this document, all attachments, and accompanying statements, and to the best of my knowledge and belief, they are true, correct."

1    19.    Golbahar attached information regarding two offshore accounts to

2  his disclosure.

3    20.    Golbahar's disclosure admitted that he had an account at

4  Clariden Bank in Zurich, Switzerland (Clariden account), which he opened in

5  1996.

6    21.    Golbahar's disclosure stated the account number ended in the

7  letters FRASCA.

8    22.    Golbahar's disclosure stated the Clariden account was closed in

9  2009.

10    23.    Golbahar's disclosure admitted to meeting with Clariden

11  representatives in face-to-face meetings in 1995 and 1998 in Los Angeles.

12    24.    Golbahar's disclosure stated that he left the bank account opening

13  documents with the bank "at the bank's suggestion."

14    25.    Golbahar's disclosure stated that in addition to the opening

15  deposit he made cash deposits in person.

16    26.    Golbahar's disclosure admitted that he had an account at "Bank

17  Cial (Swiss)" (Cial account) in Zurich, Switzerland, which he opened in 1985.

18    27.    Golbahar's disclosure stated the account number ended in the

19  letters HARDY.

20    28.    Golbahar's disclosure stated the Cial account was closed in 2012.

21    29.    Golbahar's disclosure stated that in addition to the opening

22  deposit into the Cial account he made cash deposits in person and made

23  wire-transfer withdrawals.

24    30.    Golbahar electronically filed delinquent FBARs for the 2006,

25  2007, 2008 and 2009 calendar years on June 23, 2015.

26    31.    On the delinquent FBARs Golbahar disclosed his Clariden

27  account.

28

32.   Golbahar reported a maximum balance of $2,836,789 in the Clariden account on the delinquent 2006 FBAR and $2,864,948 on the 2007 and 2008 delinquent FBAR forms.

33.   Golbahar reported a maximum balance of $1,686,547 in the Clariden account on his delinquent 2009 FBAR.

34.   Golbahar's Clariden account was nominally held by an entity called Frasca Finance Ltd., a British Virgin Islands entity.

35.   Golbahar closed the Clariden account on March 31, 2009.

36.   Golbahar told the IRS examiner investigating his accounts that he bought black diamonds with the funds from the Clariden account upon closing the account.

37.   Golbahar did not report the Cial account that he previously disclosed in his June 2014 voluntary offshore disclosure as being held from 1985-2012 on any of the delinquent FBARs he filed in 2015 for the 2006-2009 years.

38.   Banque Cial changed its name to Bank CIC (Switzerland) in 2008.  *See* https://www.justice.gov/opa/file/794546/download.

39.   Golbahar refused to sign a waiver to allow the IRS to directly obtain account records from Bank CIC regarding the Cial account.

40.   Bank CIC entered into a non-prosecution agreement with the Department of Justice on November 9, 2015.
*See* https://www.justice.gov/opa/pr/justice-department-announces-three-banks-reach-resolutions-under-swiss-bank-program.

41.   The IRS obtained limited information on United States account holders as a part of its non-prosecution agreement with Bank CIC, including information regarding Golbahar's previously-disclosed Cial account.

42.   The Bank CIC records received by the IRS show that Golbahar held an account ending in HARDY.

1        43.    According to the limited information received from Bank CIC by

2   the IRS, transactions occurred on Golbahar's HARDY account between

3   August 5, 2008 and December 16, 2010.

4        44.    A deposit of $1,448,506.45 was made into the HARDY account on

5   March 24, 2009.

6        45.    A withdrawal of $3,030,745.00 was made from the HARDY

7   account on December 16, 2010.

8   **Golbahar did not report his foreign accounts on his originally-filed**

9   **tax returns that he later amended to admit unreported income**

10       46.    Golbahar filed a federal income-tax return for 2006 on October 15,

11  2007, and falsely answered that he did not have any foreign accounts, as

12  reflected below:

13

14  | Part III | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; or **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
    | Foreign | | | |
    | Accounts | **7a** At any time during 2006, did you have an interest in or a signature or other authority over a financial | | |
15  | and | account in a foreign country, such as a bank account, securities account, or other financial account? | | X |
    | Trusts | **b** If "Yes," enter the name of the foreign country ▶_____ | | |
16  | 627501 | **8** During 2006, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? | | |
    | 11-10-06 | If "Yes," you may have to file Form 3520. See page B-2 ........ | | X |
17  | LHA    For Paperwork Reduction Act Notice, see Form 1040 instructions. | AS ORIGINALLY FILED    Schedule B (Form 1040) 2006 |

18

19       47.    Golbahar filed a federal income-tax return for 2007 on October 15,

20  2008, and falsely answered that he did not have any foreign accounts, as

21  reflected below:

22

23  | Part III | You must complete this part if you **(a)** had over $1,500 of taxable interest or ordinary dividends; or **(b)** had a foreign account; or **(c)** received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
    | Foreign | | | |
    | Accounts | **7a** At any time during 2007, did you have an interest in or a signature or other authority over a financial account in a foreign | | |
24  | and | country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1 ........ | | X |
    | Trusts | **b** If "Yes," enter the name of the foreign country ▶_____ | | |
25  | 727501 | **8** During 2007, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? | | |
    | 11-08-07 | If "Yes," you may have to file Form 3520. See page B-2 ........ | | X |
26  | LHA    For Paperwork Reduction Act Notice, see Form 1040 instructions. | AS ORIGINALLY FILED    Schedule B (Form 1040) 2007 |

27

28

6

1    48.   Golbahar filed a federal income-tax return for 2008 on October 14,

2    2009, and falsely answered that he did not have any foreign accounts, as

3    reflected below:

| Part III Foreign Accounts and Trusts | You must complete this part if you (a) had over $1,500 of taxable interest or ordinary dividends; or (b) had a foreign account; or (c) received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
|---|---|---|---|
| | 7a At any time during 2008, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1 .......... | | X |
| | b If "Yes," enter the name of the foreign country ▶_____ | | |
| | 8 During 2008, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See page B-2 ....................... | | X |
| 827501 11-11-08 | | | |

LHA   For Paperwork Reduction Act Notice, see Form 1040 instructions.         12   AS ORIGINALLY FILED   Schedule B (Form 1040) 2008

9    49.   Golbahar filed a federal income-tax return for 2009 on October 13,

10   2010, and falsely answered that he did not have any foreign accounts, as

11   reflected below:

| Part III Foreign Accounts and Trusts | You must complete this part if you (a) had over $1,500 of taxable interest or ordinary dividends; (b) had a foreign account; or (c) received a distribution from, or were a grantor of, or a transferor to, a foreign trust. | Yes | No |
|---|---|---|---|
| | 7a At any time during 2009, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1 .......... | | X |
| | b If "Yes," enter the name of the foreign country ▶_____ | | |
| | 8 During 2009, did you receive a distribution from, or were you the grantor of, or transferor to, a foreign trust? If "Yes," you may have to file Form 3520. See page B-2 ....................... | | X |
| 927501 10-20-09 | | | |

LHA   For Paperwork Reduction Act Notice, see Form 1040A or 1040 instructions.   AS ORIGINALLY FILED   Schedule B (Form 1040A or 1040) 2009
9

17   50.   Golbahar signed his 2006, 2007, 2008, and 2009 income-tax

18   returns under penalties of perjury affirming that he had examined his tax

19   returns and accompanying schedules and to the best of his knowledge and

20   belief, they were true, correct, and complete.

21   51.   Golbahar admitted he understated his income-tax liabilities by

22   failing to report his foreign bank account income on his originally-filed

23   income-tax returns for 2006 through 2009 in amended returns.

24   52.   On June 26, 2015, Golbahar filed amended returns for 2006 to

25   2009.

26   53.   On his amended returns, Golbahar disclosed a total of $79,726 in

27   previously-unreported income from his Clariden account.

28

7

**FBAR Penalty Assessment**

54.    Golbahar willfully failed to timely file an FBAR and report his foreign bank accounts for the 2005 calendar year in which he had a financial interest or signature authority.

55.    Golbahar willfully failed to timely file an FBAR and report his foreign bank accounts for the 2006 calendar year in which he had a financial interest or signature authority.

56.    Golbahar willfully failed to timely file an FBAR and report his foreign bank accounts for the 2007 calendar year in which he had a financial interest or signature authority.

57.    Golbahar willfully failed to timely file an FBAR and report his foreign bank accounts for the 2008 calendar year in which he had a financial interest or signature authority.

58.    Golbahar willfully failed to timely file an FBAR and report his foreign bank accounts for the 2009 calendar year in which he had a financial interest or signature authority.

59.    On October 31, 2019, the IRS issued Letter 3709 and Form 13449 to Golbahar proposing willful FBAR penalties against him in the amount of $1,515,371 for his willful failure to report his foreign bank accounts.

60.    On March 15, 2021, the IRS timely assessed willful FBAR penalties against Golbahar in the amount of $1,515,371 for the 2005 through 2009 calendar years.

**Golbahar has failed to pay the FBAR penalty assessment**

61.    On March 18, 2021, notice and demand for payment of the FBAR assessment was sent to Golbahar.

62.    Despite timely notice and demand for payment of the FBAR assessment, Golbahar has failed to pay the FBAR penalties assessed against him.

63. Interest and failure-to-pay penalties have accrued on the assessed FBAR penalties as provided by law.

64. As of February 17, 2023, Golbahar was liable to the United States for $1,719,022.87 which is comprised of the FBAR penalties for 2005, 2006, 2007, 2008, and 2009 plus interest and failure-to-pay penalties under 31 U.S.C. § 3717(e)(2).

<b>Relief Requested</b>

WHEREFORE, the United States of America requests the following relief from this Court:

A. That this Court make a determination that Babak B. Golbahar willfully failed to disclose his interest in foreign bank accounts by failing to timely file FBARs for the 2005, 2006, 2007, 2008, and 2009 calendar years;

B. That this Court enter judgment in favor of the United States of America and against Babak B. Golbahar for $1,719,022.87, plus all statutory accruals, until fully paid, plus costs and expenses;

C. That this Court grant the United States its costs incurred in bringing this action; and

D. That this Court order any further relief the Court deems just and appropriate.

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: March 1, 2023         /s/ Melissa Briggs
MELISSA BRIGGS
Assistant United States Attorney
Attorneys for the United States of America